# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

_____

| | |
|---|---|
| **RAMON TUTWILER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 21-2011-JTF-tmp |
| | ) |
| **MEMPHIS LIGHT GAS AND WATER, ET AL.,** | ) |
| | ) |
| Defendants. | ) |

_____

## REPORT AND RECOMMENDATION
_____

On January 4, 2021, plaintiff Ramon Tutwiler filed a *pro se* complaint and a motion to proceed *in forma pauperis*.[1] (ECF Nos. 1 & 2.) On January 27, 2021, the undersigned entered an order granting Tutwiler leave to proceed *in forma pauperis*. (ECF No. 7.) Accordingly, the court must screen the complaint pursuant to 28 U.S.C. § 1915. For the reasons stated below, it is recommended that the complaint be dismissed.

## I. PROPOSED FINDINGS OF FACT

On January 4, 2021, plaintiff Ramon Tutwiler filed a *pro se* employment discrimination complaint against Memphis Light, Gas

___

[1]Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

and Water ("MLGW"), manager Greg Janes, supervisor Keith Ledbury, and CEO Jarl T. Young. (ECF No. 1.) Using the standardized form provided by the Clerk's office to *pro se* litigants seeking to file employment discrimination suits, Tutwiler identified Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17, as the basis for jurisdiction. (Id. at 3.) In the section of the complaint regarding discriminatory conduct, Tutwiler checked the box corresponding to a failure to promote. (Id. at 4.) In the section regarding the basis of discrimination, Tutwiler checked boxes corresponding to race and color. (Id.) Tutwiler left the facts section of the complaint blank. (Id. at 4-5.) Tutwiler also left blank the section pertaining to relief requested. (Id. at 5-6.) Tutwiler attached to his complaint a right to sue letter from the EEOC dated December 14, 2020. (ECF No. 1-1, at 1.)

## II. PROPOSED CONCLUSIONS OF LAW

### A. Section 1915 Screening

Pursuant to § 1915, in proceedings *in forma pauperis*, the court shall dismiss the case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §

1915(e)(2). In order to avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Barnett v. Luttrell, 414 F. App'x 784, 786 (6th Cir. 2011) (internal quotation marks omitted). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). While the court must view the factual allegations in the light most favorable to the plaintiff, the court need not "accept as true legal conclusions or unwarranted factual inferences, and [c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice." In re Travel Agent Comm'n Antitrust Litig., 583 F.3d 896, 903 (6th Cir. 2009) (internal quotation marks omitted).

Although courts construe pleadings and documents filed by *pro se* litigants liberally, "[t]he basic pleading essentials are not abrogated in *pro se* cases." Freeman v. Sullivan, 954 F. Supp. 2d 730, 745 (W.D. Tenn. 2013) (citing Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989)); see also Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996) ("[T]he lenient treatment

generally accorded to *pro se* litigants has limits."). In other words, even *pro se* complaints must satisfy the plausibility standard. See Barnett, 414 F. App'x at 786; see also Hayes v. Shelby County Tr., 971 F. Supp. 2d 717, 725 (W.D. Tenn. 2013) ("*Pro se* litigants . . . are not exempt from the requirements of the Federal Rules of Civil Procedure.") Courts "have no obligation to act as counsel or paralegal to *pro se* litigants." Pliler v. Ford, 542 U.S. 225, 231 (2004). Similarly, courts are not "required to create" a *pro se* litigant's claims, Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003), or "ferret out the strongest cause of action on behalf of *pro se* litigants," Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011).

**B. Title VII Claims**

Title VII prohibits an employer from discriminating against an employee on the basis of such individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). As a preliminary matter, Tutwiler's complaint does not contain any factual allegations. As a result, the complaint fails to provide defendants with fair notice of the claims against them. "While the complaint 'does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a

formulaic recitation of a cause of action's elements will not do.'" Ryan v. Blackwell, 979 F.3d 519, 524 (6th Cir. 2020) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A complaint must contain enough 'factual matter' to raise a 'plausible' inference of wrongdoing." Id. (quoting 16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B., 727 F.3d 502, 504 (6th Cir. 2013)). Because the complaint is void of any factual allegations, it should be dismissed.

It is also worth noting that Tutwiler seeks to assert Title VII claims against three individuals, defendants Janes, Ledbury, and Young. However, "an individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII." Colston v. Cleveland Pub. Library, 522 F. App'x 332, 336 (6th Cir. 2013) (quoting Wathen v. Gen. Elec. Co., 115 F.3d 400, 405-06 (6th Cir. 1997)); see also Han v. Univ. of Dayton, 541 F. App'x 622, 629 (6th Cir. 2013) ("Title VII does not allow for liability on the part of any person or entity other than Plaintiff's 'employer.'"). "[U]nder 42 U.S.C. § 2000e, an 'employer' does not include the 'supervisors,' 'managers,' or 'co-workers' of a plaintiff." Han, 541 F. App'x at 629 (citing Wathen, 115 F.3d at 404). Because Tutwiler does not allege any facts that subject the individual defendants to liability under Title VII, the complaint fails to

state a claim against defendants Janes, Ledbury, and Young. For this additional reason, the claims against these individual defendants should be dismissed.

## III. RECOMMENDATION

Based on the above, the undersigned recommends that the complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

January 27, 2021
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL**