IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RAMON TUTWILER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:21-cv-02011-JTF-tmp |
| | ) |
| MEMPHIS LIGHT GAS AND | ) |
| WATER, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER ADOPTING REPORT AND RECOMMENDATION, DISMISSING PLAINTIFF'S COMPLAINT, AND GRANTING LEAVE TO AMEND**

Before the Court is Plaintiff's *pro se* Complaint, filed on January 4, 2021. (ECF No. 1.) Upon screening the Complaint, the Chief Magistrate Judge issued a Report and Recommendation to dismiss Plaintiff's *pro se* Complaint on January 27, 2021. (ECF No. 8.) On February 4, 2021, Plaintiff filed an "attachment" to his *pro se* Complaint, which the Court construes as Objections.[1] (ECF No. 9.) As explained below, the Court **ADOPTS** the Chief Magistrate Judge's Report and Recommendation. Plaintiff's Complaint is **DISMISSED**. However, Plaintiff is granted leave to amend his complaint as provided in this Order.

**FINDINGS OF FACT**

In the Report and Recommendation, the Chief Magistrate Judge provides, and this Court adopts and incorporates, the proposed findings of fact in this case. (ECF No. 8, 1–2.) Plaintiff's Objections add allegations that were not provided in Plaintiff's *pro se* Complaint, as the Complaint

---

[1] While this document is labeled as an "attachment," to the Complaint, it is not filed with the docket entry associated with Plaintiff's Complaint and was filed a month after the Complaint. (*See* ECF Nos. 1 & 9.)

1

contained no facts whatsoever. (ECF No. 1.) Viewing these construed objections, Plaintiff is an MLGW employee who sought a promotion. (ECF No. 9, 1.) Specifically, Plaintiff sought to be placed in an "Instrument Operator" Position. (*Id.*) Plaintiff states that he followed the "procedures and protocols to qualify" for the position. (*Id.*) According to Plaintiff, selection for the Instrument Operator Position is based on "Line of Progression and seniority." (*Id.*) Pursuant to the line of progression, Plaintiff states that he was "next in line for the Instrument Operator position if the current position holder (Steve Gray) did not successfully pass the test[.]" (*Id.*) Plaintiff indicates that, in the past, multiple individuals were permitted to test contemporaneously. (*Id.*) However, in this instance, Gray tested first, but was unsuccessful. (*Id.*) From there, Defendant Janes allegedly instructed Helen Townes to change the testing result for Gray from unsuccessful to successful, which Townes did. (*Id.*) Plaintiff has attached a written reprimand corroborating this changing of test results. (*Id.* at 2.) Overall, Plaintiff avers that "racial discrimination was used" to prevent him from getting the Instrument Operator position over Gray. (*Id.* at 1.)

These are the extent of Plaintiff's factual allegations. As explained below, these averments may not be considered in assessing the sufficiency of Plaintiff's Complaint. Moreover, even if they were considered, they would be insufficient to survive dismissal. Notwithstanding, the Court will grant Plaintiff leave to amend his Complaint.

## **LEGAL STANDARD**

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Regarding those excepted dispositive motions, magistrate judges may

still hear and submit to the district court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1)(B). Upon hearing a pending matter, "the magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. *See Baker*, 67 F. App'x at 310 (citations omitted). Upon review, the district court may accept, reject, or modify the proposed findings or recommendations of the magistrate judge. *Brown v. Bd. of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014); *see also* 28 U.S.C. § 636(b)(1). The court "may also receive evidence or recommit the matter to the [m]agistrate [j]udge with instructions." *Moses v. Gardner*, No. 2:14-cv-2706-SHL-dkv, 2015 U.S. Dist. LEXIS 29701, at *3 (W.D. Tenn. Mar. 11, 2015).

Usually, the district court must review dispositive motions under the *de novo* standard. However, a district court is not required to review "a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). A district judge should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Brown*, 47 F. Supp. 3d at 674.

28 U.S.C. § 1915(e)(2) Screening

Pursuant to Local Rule 4.1, service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2)(B). LR 4.1(b). Specifically, courts are required to screen *in forma pauperis* complaints and dismiss any complaint, or portion thereof, if the allegation of poverty is

3

untrue or if the action (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

Standard of Review for Failure to State a Claim

In assessing whether Plaintiff's Complaint states a claim upon which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (alteration in original) (quoting *Iqbal*, 556 U.S. at 681).  Additionally, although not free from basic pleading requirements, *pro se* pleadings are "held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Curtin*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).  Even so, *pro se* litigants must adhere to the Federal Rules of Civil Procedure, and the Court cannot create a claim that has not been spelled out in a pleading. *Falkner v. United States*, No. 11-2982-STA-cgc, 2012 U.S. Dist. LEXIS 93372, at *16 (W.D. Tenn. July 6, 2012).

## **ANALYSIS**

The Chief Magistrate Judge determined that because the Complaint lacks factual allegations, it should be dismissed. (ECF No. 8, 5.)  Additionally, the Report and Recommendation noted that Plaintiff brings Title VII claims against the three individual defendants—Janes, Ledbury, and Young. (*Id.*)  The Report and Recommendation then determined that the claims asserted against these individual defendants must be dismissed because the Complaint alleges no

4

facts that could subject these defendants to liability. (*Id.* at 5–6.) Specifically, the Report and Recommendation found that individual employees and supervisors cannot be held personally liable under Title VII. (*Id.* at 5) (quoting *Colston v. Cleveland Pub. Library*, 522 F. App'x 332, 336 (6th Cir. 2013)). Plaintiff's construed objections do not address this conclusion in the Report and Recommendation. Accordingly, as to Defendants Janes, Ledbury, and Young, Plaintiff has failed to state a claim upon which relief may be granted. Plaintiff's Title VII claims against Defendants Janes, Ledbury, and Young are **DISMISSED** with prejudice.

The Court notes that it does not consider Plaintiff's construed objections in assessing the sufficiency of the Complaint. *See Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016) ("Assessment of the facial sufficiency of the complaint must ordinarily be undertaken without resort to matters outside the pleadings." (citing *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010))); *Kinder v. Nw. Bank*, No. 1:10-cv-405, 2012 U.S. Dist. LEXIS 96847, at *2 (W.D. Mich. July 13, 2012) ("Although [28 U.S.C. § 636] requires this Court to review objections de novo, it does not allow parties to raise, in their objections, new arguments or issues that were not presented to the magistrate judge.") (citations omitted).

Moreover, even if the Court were to consider the allegations provided in Plaintiff's construed objections in evaluating the Complaint, they are insufficient to withstand dismissal. "[T]he Supreme Court established a 'plausibility' standard in *Twombly* and *Iqbal* for assessing whether a complaint's factual allegations support its legal conclusions, and that standard applies to causation in discrimination claims." *Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012) (citations omitted). While Plaintiff's Complaint is not required to provide "detailed factual allegations," the Complaint should present enough "factual content" from which the Court could reasonably infer that MLGW discriminated against Plaintiff "with respect to [his] compensation,

5

Case 2:21-cv-02011-JTF-tmp   Document 10   Filed 08/26/21   Page 6 of 7   PageID 32

terms, conditions, or privileges of employment, *because of*" his race or color. *Id.* (citations omitted). Plaintiff's construed objections do not allege the race or color of himself or of anyone identified. Similarly, Plaintiff makes the conclusory assertion that racial discrimination is responsible for the events alleged in his construed objections. (ECF No. 9, 1.) Legal conclusions in a complaint "are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Plaintiff's construed objections do not set forth enough factual content for the Court to reasonably infer that discrimination was the reason for the alleged actions taken with respect the Instrument Operator position. *See id.* ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (quoting Fed. R. Civ. P. 8(a)(2))).

Because Plaintiff's Complaint lacks any factual allegations, and because Plaintiff's construed objections, even if properly considered as part of the Complaint, lack the factual content necessary to state a claim, Plaintiff's Complaint is **DISMISSED**. However, with the exception of the claims against Defendants Janes, Ledbury, and Young, this dismissal is without prejudice. Although Plaintiff has not requested leave to amend his Complaint, the Court will grant Plaintiff leave to amend. *See Gordon v. England*, 354 F. App'x 975, 981–82 (6th Cir. 2009); *see also Brown v. Matauszak*, 415 F. App'x 608, 614–16 (6th Cir. 2011). Accordingly, Plaintiff is permitted to file an amended complaint as provided below.

## CONCLUSION

Upon *de novo* review, the Court hereby **ADOPTS** the Chief Magistrate Judge's Report and Recommendation with modification. Plaintiff's claims against Defendants Janes, Young, and Ledbury are **DISMISSED** with prejudice. Plaintiff's Title VII claim against Defendant Memphis Light, Gas and Water is **DISMISSED** without prejudice. Plaintiff is granted leave to amend his

6

complaint as to his Title VII claim against Memphis Light, Gas and Water.  Any amended complaint must be filed within thirty (30) days of the entry of this order.  If no amended complaint is timely filed, the Court will dismiss this case in its entirety with prejudice and enter judgment accordingly.

    **IT IS SO ORDERED** this 26th day of August, 2021.

                                            <u>*s/John T. Fowlkes, Jr*</u>.
                                            JOHN T. FOWLKES, JR.
                                            UNITED STATES DISTRICT JUDGE